IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JERRY LISCAK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 13 C 2685 |
| ) | |
| **VILLAGE OF JUSTICE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss Count II and to strike the claims for punitive damages in Counts I and II is granted in part and denied in part. For the reasons stated below, the motion to dismiss Count II is denied, and the motion to strike is granted in part and denied in part.

**BACKGROUND**

Defendant Sergeant M. Krummick (Krummick) is allegedly a police officer who works for Defendant Village of Justice (Village). On October 3, 2011, Plaintiff Jerry Liscak (Liscak) was driving his car in Justice, Illinois. Liscak claims that he did not feel well and needed to pull over to the side of the road. Krummick then pulled over to investigate Liscak's car at the side of the road. Liscak contends that

1

he complied and took a breathalyzer test three times and that he had no alcohol in his system. According to Liscak, Krummick without justification took Liscak into custody for driving under the influence and for several traffic violations. Liscak further alleges that when he was taken to the police station, he asked why he was being held, and he was tased without provocation. Liscak also contends that Krummick falsely accused Liscak of battery and continued with the prosecution of Liscak based on false statements. Liscak allegedly was found not-guilty on the battery charges. Liscak includes in his complaint a claim brought pursuant to 42 U.S.C. § 1983 (Section 1983) alleging a violation of his Fourth and Fourteenth Amendment rights (Count I), a malicious prosecution claim (Count II), and an indemnification claim (Count III). Defendants now move to dismiss Count II and to strike the request for punitive damages in Counts I and II.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted). Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.*

## DISCUSSION

Defendants argue that Liscak has not alleged sufficient facts to state a malicious prosecution claim and argue that Liscak improperly seeks punitive damages in Counts I and II.

I.  Malicious Prosecution Claim (Count II)

Defendants argue that Liscak's claim for malicious prosecution is barred due to the fact that he was convicted of the charged offenses. For a malicious prosecution claim brought under Illinois law, a plaintiff must establish: (1) that "the

3

defendant commenced or continued a criminal proceeding against the plaintiff," (2) that "the proceeding was terminated in favor of the plaintiff," (3) that "there was no probable cause to commence or continue the proceeding," (4) that "the defendant acted with malice," and (5) that "the plaintiff suffered damages as a proximate result of the defendant's conduct. *Thompson v. City of Chicago*, 722 F.3d 963, 978 (7th Cir. 2013)(stating that "a malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused")(internal quotations omitted)(quoting and citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)).

A. Probable Cause

Defendants contend that Liscak was convicted of a crime and thus Krummick was found to have probable cause for the arrest of Liscak for disobeying a traffic control device. However, the record reflects that although Liscak was convicted for disobeying a traffic control device, Liscak was found not-guilty on the battery charge. The Seventh Circuit has indicated that "probable cause to believe an individual committed one crime—and even his conviction of that crime—does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge." *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007)(stating that "a malicious prosecution claim is treated differently from one for false arrest: whereas probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or

4

different charges for which there was no probable cause, . . .probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking"). Therefore, even if Krummick had probable cause to arrest Liscak for disobeying a traffic control device, that would not foreclose a malicious prosecution claim based on the battery charge.

### B. Elements of Cause of Action

Defendants also argue that Liscak has not methodically alleged boilerplate language for each element of a malicious prosecution claim. For example, Defendants contend that Liscak's failure to specifically allege that Krummick lacked probable cause for the battery charge forecloses Liscak from pursuing a malicious prosecution claim. However, under the federal pleading standard, a plaintiff is not required to specifically cover each element of a cause of action in order to state a valid claim to relief. *Christensen v. County of Boone, IL*, 483 F.3d 454, 459 (7th Cir. 2007)(stating that the federal pleading standard does "not require an exhaustive recitation of the facts or elements of a plaintiff's claim")(internal quotations omitted)(quoting *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005)); *see also Twombly*, 550 U.S. at 570 (stating that the federal pleading standard does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *Gardunio v. Town of Cicero*, 674 F.Supp.2d 976, 988 (N.D. Ill. 2009)(stating that "[t]he federal notice pleading standard, not Illinois's fact pleading requirement, applies to [the plaintiff's] malicious prosecution claim").

5

Under the federal pleading standard, instead of focusing on a list of elements for a cause of action, a court assesses whether the allegations contained in the complaint plausibly suggest a valid claim to relief. *Appert*, 673 F.3d at 622. In the instant action, Liscak alleges certain facts relating to alleged misconduct by Krummick, which at this juncture the court must accept as true. At the summary judgment stage, Liscak will no longer be able to rely on the allegations in his complaint and will have to present sufficient evidence to support his malicious prosecution claim. Therefore, Defendants' motion to dismiss the malicious prosecution claim (Count II) is denied.

II. Punitive Damages

Defendants move to strike the request for punitive damages in Counts I and II. In counts I and II, Liscak requests punitive damages from Krummick. (Compl. 2-3). Defendants argue that to the extent that Liscak seeks to incorporate his request for punitive damages in his claims against the Village, such requests for punitive damages must be stricken. Liscak concedes in his response that he intends only to seek punitive damages from Krummick individually. (Ans. 2). Therefore, Defendants' motion to dismiss the punitive damages request to the extent that punitive damages are sought from the Village is granted.

Defendants also argue in their reply that to the extent that Liscak seeks punitive damages from Krummick, there are not sufficient allegations to indicate the type of misconduct that could support a punitive damages award against Krummick individually. Liscak has made certain allegations concerning Krummick's conduct

that the court must accept as true at this juncture. *See Alexander v. City of Milwaukee*, 474 F.3d 437, 453 (7th Cir. 2007)(explaining standard for punitive damages). At the summary judgment stage Liscak will have to point to sufficient evidence to support his request for punitive damages against Krummick individually and Liscak will not be able to rely on mere allegations. Therefore, Defendants' motion to strike the request for punitive damages from the Village in Counts I and II is granted, and Defendants' motion to strike the request for punitive damages from Krummick individually is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss Count II is denied. Defendants' motion to strike the request for punitive damages from the Village in Counts I and II is granted, and Defendants' motion to strike the request for punitive damages from Krummick individually is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 23, 2013